NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 4 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| XIAOBIN GUO, | No. 19-72819 |
| Petitioner, | Agency No. A201-058-409 |
| v. | |
| ROBERT M. WILKINSON, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 1, 2021**
Honolulu, Hawaii

Before: CLIFTON, R. NELSON, and COLLINS, Circuit Judges.

Xiaobin Guo, a native and citizen of the People's Republic of China,

petitions for review of a Board of Immigration Appeals' ("BIA") decision

affirming an order by an immigration judge ("IJ") denying Guo's application for

asylum, withholding of removal, and relief under the Convention Against Torture

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

("CAT"). In doing so, Guo challenges the BIA's decision to affirm the IJ's adverse credibility determination based on Guo's inconsistencies, contradictions, and implausibility in his testimony.

We have jurisdiction under 8 U.S.C. § 1252. We review factual findings, including adverse credibility determinations, for substantial evidence. *See Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1064 (9th Cir. 2020); *Shrestha v. Holder*, 590 F.3d 1034, 1039–40 (9th Cir. 2010). The IJ and BIA (collectively, the "Agency") "may base a credibility determination on . . . any inaccuracies or falsehoods in [an applicant's] statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). "Where, as here, the BIA agrees with and incorporates specific findings of the IJ while adding its own reasoning, we review [the] decisions" from both. *Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016).

Here, the Agency identified three distinct inconsistencies that undermined Guo's credibility. First, the Agency found inconsistencies between Gou's testimony and documentary evidence regarding his arrest and detention in China in 2010. Guo claims he was arrested while attending a church service at a house on September 19, 2010. He asserts that he was interrogated, beaten, and then released on September 26, 2010, after his father paid 30,000 RMB for bail. However,

2

Guo's application to attend Southern New Hampshire University ("SNHU") was dated September 21, 2010. The Agency concluded that it was "impossible for him to apply to the university if he were being held by authorities as he claims." It was reasonably unconvinced by Guo's arguments that the document was unreliable, because "it bears his name, the university he sought to attend, and fits the timeline." *See Aden v. Holder*, 589 F.3d 1040, 1044 (9th Cir. 2009).

Second, the Agency found inconsistencies between Gou's testimony and documentary evidence regarding his termination from employment in China. Guo testified that his employer, a local auto accessories shop, terminated his employment after his arrest. But Guo does not explain why the notice provided by his employer included an English translation, though Guo's native language is Mandarin. These unresolved inconsistencies undermine his credibility. *See Vatyan v. Mukasey*, 508 F.3d 1179, 1185 n.4 (9th Cir. 2007).

Third, the Agency found inconsistencies between Gou's testimony and documentary evidence regarding his reasons for coming to the United States. Guo testified that he decided to come to the United States in October 2010. But his application to SNHU was dated September 21, 2010. Guo's explanation that an agency he contracted with was responsible for the discrepancy does not compel a conclusion contrary to the Agency's finding. *See Cortez-Pineda v. Holder*, 610 F.3d 1118, 1124 (9th Cir. 2010).

Guo did not provide documentary evidence, such as information from SNHU or affidavits from his father or the intermediary who he claims prepared his visa application, to adequately explain the inconsistencies despite the opportunity to do so. Thus, the Agency reasonably concluded that the documentary evidence contained in the record was insufficient to rehabilitate Guo's claim. *See Singh v. Holder*, 638 F.3d 1264, 1272–73 (9th Cir. 2011); *Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014). Accordingly, considering the totality of the circumstances, substantial evidence supports the Agency's adverse credibility determination. *See Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011).

The Agency's adverse credibility finding renders Guo ineligible for asylum or withholding of removal. *See Wang v. Sessions*, 861 F.3d 1003, 1009 (9th Cir. 2017). Likewise, because the central evidence supporting his CAT claim—Guo's testimony of his encounters with Chinese authorities—is discredited, his CAT claim also fails. *See Singh v. Lynch*, 802 F.3d 972, 977 (9th Cir. 2015). The remainder of the evidence does not "compel the conclusion that [Guo] is more likely than not to be tortured." *See Shrestha*, 590 F.3d at 1049.

**PETITION FOR REVIEW DENIED.**

4